## SMITH v. PEOPLE.

1. It is a general rule that the prisoner in a case of felony must be present at every step of the proceedings, or the proceedings will be invalid; except in cases of misdemeanor the privilege cannot be waived by counsel.

2. If the prisoner is deprived of the privilege of being present when the verdict is returned, the verdict must be set aside and a new trial granted, or the judgment will be reversed.

3. It is the duty of courts to require the proceedings in a cause to be conducted according to the rules of law and to protect the rights of litigants.

4. And in this case, when the prosecuting attorney, in his argument to the jury, commented on matters wholly outside the evidence and irrelevant to the subject-matter of the trial, with an evident view to prejudice the jury, notwithstanding the court before the argument, anticipating the conduct of the prosecuting officer, charged the jury that it would be highly wrong and improper to give any weight whatever to the conduct of such officer in this behalf, *held*, upon objection and exception taken and reserved by the defendant, that a new trial should have been awarded.

*Error to Criminal Court of Lake County.*

THE facts are stated in the opinion.

Messrs. TAYLOR and ASHTON and Mr. E. T. TAYLOR, for plaintiff in error.

Attorney-General THEO. H. THOMAS, for the people.

BECK, C. J. The plaintiff in error was tried and convicted of the criminal offense of receiving stolen property, knowing it to have been stolen, at the December term, 1884, of the criminal court of Lake county. The jury stated in their verdict that the property so received by the defendant was of the value of $50. A motion for a new trial was overruled, and thereupon the court sentenced the prisoner to confinement in the penitentiary for a term of three years.

One of the errors assigned is that the prisoner was not present when the jury returned the verdict of guilty. It

is a general rule of law that the prisoner, in cases of felony, must be present at every step in the proceedings, or the proceedings will be invalid. So important is this right that, except in cases of misdemeanor, it cannot be waived by counsel. If the prisoner is deprived of the privilege of being present when the verdict is returned, the verdict must be set aside and a new trial granted, or the judgment will be reversed. *Green v. People*, 3 Colo. 68; 3 Whart. Crim. Law, §§ 2991, 3364. Exceptions are made as to the necessity for the continued presence of the prisoner throughout the entire trial, which include voluntary absence from the court-room for a few moments, also such violent conduct on the part of defendant as to render it necessary to remove him in order that the trial may proceed. Where absence occurs from such causes, *it is said to be no* ground of error, provided the prisoner is brought into court before the verdict is formally announced. 3 Whart. Crim. Law, § 3365.

Another error assigned, and one which we regard as fatal to the judgment below, was the refusal of the court to grant the defendant's motion for a new trial, based on the ground of certain misconduct of the acting district attorney which was prejudicial to the rights of the defendant. The record shows that the special district attorney, who had been appointed by the court to appear and prosecute this case on behalf of the people, in his closing address to the jury, "stated and argued to the jury that he had stated in the opening of this case that he expected to prove that the defendant had stated, ' As *Mollie Gorman was dead, she did not fear a conviction*,' but the court had prevented him from so doing; to which statement, so made by said attorney, the defendant then and there duly excepted, and protested against counsel making any other or further statements of like import, and that the judge cautioned said attorney from making any further comments of like import, and further stated to the jury that they should disregard such statement.

Thereupon said attorney further stated *that he had further expected to prove, as stated in his opening, that the defendant had murdered Mollie Gorman;* to which statement, so made by said attorney, the defendant then and there duly excepted. Said attorney further stated, in his closing address to the jury, that '*the defendant forgot to explain to the jury that the reason she gave Casserleigh the sum of twenty-five dollars was that she expected the enraged miners to blow up her house on account of the murder of Bulkley,*' to which statement, so made by the said attorney, the defendant then and there duly excepted."

The action of the prosecuting officer, as above set forth in the record, constitutes gross misconduct on his part, and a total disregard of the legal rights of the prisoner. It manifests a disposition to ignore the plainest principles of law in relation to the trial of criminal offenses, and exhibits contempt for the authority and dignity of the court, of which he was then an officer. Such statements, coming from the acting district attorney, at the time and in the manner made, must have been highly prejudicial to the cause of the defendant. They were not only made by an officer of the court, but they were made in the closing or last speech to the jury, when there was no opportunity for defendant's counsel to criticise or answer them. No such facts had been received in evidence, and they were not only wholly outside the evidence, but totally irrelevant to the subject-matter of the trial. The officer could have had but one motive in view in the course pursued by him, viz., to prejudice the jury against the prisoner by charging her with the commission of graver crimes than the offense for which she was being tried. Failing to get before the jury such irrelevant testimony, he determined, if possible, to poison the minds of the jury against the prisoner by openly charging her, upon his own authority, with the murder of the two persons named. In so doing he defied the authority of the court,

violated the law, and abused his privilege as a public prosecutor. The law of the land guarantees to every one accused of crime, whether of high or low degree, whether rich or poor, a fair and impartial trial. Certainly it cannot be said, in view of the facts and circumstances above set out, that the defendant in this case received a fair and impartial trial, within the letter and spirit of the constitution and the laws of this state, unless it can be said that the errors appearing in the record were cured, so that the defendant was not prejudiced thereby. *Scripps v. Reilly*, 35 Mich. 371; *Tucker v. Henniker*, 41 N. H. 317.

The judge seems to have, anticipated the conduct of this officer, and the means to which he would resort to secure a conviction, as he appears to have instructed the jury, before the oral arguments, to the effect that, if said officer should make statements charging that the prisoner was of a bad reputation, it would be highly improper and wrong for the jury to give them any weight whatever. This instruction, however creditable to the court, did not cure the error, since it was given before the arguments, and when the officer commenced his attack upon the character of the defendant the judge failed to suppress the same. The attorney appears to have continued after the court's effort to restrain him, and to complete all the charges he desired to make without further opposition, save by the objections of the defendant. The criticism on the action of the court is that the judge failed to assert and maintain the authority and dignity of the court, by reason whereof a prisoner upon trial was prejudiced. The law places at the command of all judicial tribunals ample power and means to enforce obedience to their lawful orders in such cases, by the way of fines, and, if necessary, imprisonment. It is the duty of courts to require their proceedings to be conducted according to the rules of law, and to protect the rights of litigants. That the proceedings in this instance

were defective in the essentials mentioned is fully shown by the record.    We are further of opinion that the errors complained of were not cured; for which reasons the judgment must be reversed and the cause remanded.

Attorney-General Theodore H. Thomas being of opinion, from an inspection of the record, that the prisoner was not awarded a fair and impartial trial, declined to prosecute the case.

*Reversed.*