No. 15,624

SHIER v. THE PEOPLE.
(181 P. [2d] 366)

Decided May 5, 1947. Rehearing denied June 2, 1947.

Mr. RALPH L. CARR, Mr. FRANCIS S. MANCINI, Mr. WIL-BUR E. ROCCHIO, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

HARRY A. SHIER, plaintiff in error, was convicted of the crime of sodomy, and was sentenced to serve a term in the state penitentiary. He asks reversal of the judgment upon the following grounds:

"1. Motion for mistrial should have been granted. 2. The court erred in failing to warn the jury Sua Sponte that evidence of other acts could not be received to prove defendant's guilt. 3. The district attorney committed error in proving other acts of misconduct than that charged in the information. 4. The court erred in holding that evidence of other .acts of alleged misconduct was admissible to prove motive or plan. 5. The court

erred in instructing the jury that evidence of other acts of misconduct was admissible to prove a motive or plan."

■ Upon the first ground it is claimed that a mistrial should have been granted under the following circumstances: Defendant's housekeeper was asked: "Did you ever talk to the doctor [defendant] concerning any relations between he and Lyle [complaining witness]?" The witness answered, "No, sir." She was then asked: "Between he and any other boy?", to which she answered: "Yes, sir." At the close of the people's case defendant's attorney moved for a mistrial, which motion was denied by court.

Neither in the motion for new trial in the district court, nor in the assignments of error here, have counsel for defendant claimed error resulting from refusal of the trial court to grant a mistrial, on account of the above circumstance. They contend, however, that even though said point was not so raised, nevertheless this court should notice the error and correct it. They rely upon *McRae v. People,* 101 Colo. 155, 71 P. (2d) 1042. In that case we cited and followed the opinion in *Reppin v. People,* 95 Colo. 192, 34 P. (2d) 71, wherein we stated: "True, the defendant's appointed counsel interposed no objection to such evidence, or to the evidence concerning the Pot and Spigot incident, *and we are not required to consider objections not made below.* Nevertheless, we may, and sometimes do, consider such objections when we feel that a seriously prejudicial error was made and that justice required such consideration. We have done so in cases involving adults; and where the life of a minor is at stake, the call to do so is more imperative."

It was not our intention by the above pronouncement to overrule our holding in *Wilder v. People,* 86 Colo. 35, 278 Pac. 594, where we said: " 'Is there,' we are asked in defendant's closing brief, 'a hard and fast rule that the court cannot in any case review the evil conduct of a

prosecuting official in the absence of objection thereto?' There is no such rule. Had this defendant, in our opinion, been convicted of a crime of which he was probably innocent, we would unhesitatingly exercise our discretion to notice errors probably prejudicial though not properly saved. This is not such a case."

A careful examination of the present record convinces us of the defendant's guilt; that he was in no way prejudiced by the above incident; and that under the circumstances justice does not require us to notice the alleged error in the absence of proper reference thereto in the motion for new trial and assignments of error. The witness was promptly and properly stopped by a capable and alert trial judge on his own motion from relating a conversation on an immaterial and irrelevant matter, thereby avoiding evidence which might have been prejudicial. There is nothing appearing in the record to indicate that the jury was advised concerning the nature of the conversation, whether favorable to the defendant or otherwise.

Upon the first ground presented for reversal, it is sufficient to hold, as we do, that neither *McRae v. People, supra,* nor *Martin v. People,* 114 Colo. 120, 162 P. (2d) 597, cited by defendant, is applicable in the instant case, and that the trial court did not commit error in overruling the motion for mistrial.

■ The other assignments of error relate to testimony concerning other acts of similar misconduct by the defendant with the same boy but at different times than that set forth in the information. Counsel for defendant contend in substance: (a) Evidence of such acts is not admissible to prove guilt, and that the court should have instructed the jury sua sponte not to consider the same for such purpose; (b) evidence of said acts is not admissible to prove plan or design and the court erred in instructing the jury to such effect.

With respect to contention (a) above, there is no merit therein. In *Schreiner v. People,* 95 Colo. 392, 36 P.

(2d) 764, the defendant was charged with statutory rape. In his opening statement, the district attorney said: "That he expected to show that the defendant had intercourse with the girl on four different days; namely, on June 4, 8 and 11 and July 23, 1933. Thereupon, and before evidence was introduced, counsel for defendant moved that the people be required to elect upon which act * * * the people relied for conviction." The motion was denied and evidence of other acts admitted. At the close of the people's case the motion to elect was renewed and sustained, whereupon the district attorney elected to stand on the act committed on June 11, 1933, the date charged in the information. Speaking to this point we said (page 395): "It is contended that it was reversible error to refuse the defendant's first motion to require the people to elect. We cannot uphold the contention. Whether the election should be compelled before the introduction of any evidence by the people, or at the close of the people's case, or during the progress of the trial, is a matter concerning which the authorities are not in harmony. In Colorado the matter rests largely in the discretion of the trial court. *Laycock v. People,* 66 Colo. 441, 182 Pac. 880. We cannot say that the trial court abused its discretion; hence we cannot interfere with its ruling on the motion to elect."

Since, as above held, it was within the trial court's discretion as to when the district attorney should be required to elect upon which act he would stand, that is, after the opening statement, or at the close of the people's case, it likewise is within its discretion to determine the proper time to instruct the jury as to the purpose of permitting evidence of other acts, that is, when it was first introduced, or when the district attorney elected upon which act to stand. *Roberts v. People,* 11 Colo. 213, 17 Pac. 627; *Sarno v. People,* 74 Colo. 528, 223 Pac. 41; *Wills v. People,* 100 Colo. 127, 66 P. (2d) 329.

The record in the instant case discloses that at the close of the people's case the district attorney was re-

quired to elect upon which act of misconduct he would stand. Immediately after such election the trial court instructed the jury as follows.

"The Court: Gentlemen of the jury, there has been some evidence in this case with reference to several transactions. The people have elected to stand on the act charged in the information, that is, on or about the 5th day of September, 1944, or more particularly on the night of the 2nd day of September or on the morning of September 3rd, 1944. *Now this other evidence as to these other cases is admissible as bearing on the question of whether or not the defendant had a plan or design to produce a result which the act charged in the information was a part and you can consider such evidence only for that purpose.*

"The defendant cannot be tried or convicted for any offense except the one charged in the information."

The court's written instructions to the jury at the close of the evidence contained substantially the same statement.

■ We have found no authority and none has been called to our attention by counsel, which holds that it is the duty of the trial court of its own motion or otherwise, to give a cautionary instruction on the subject under discussion under the circumstances in this case, and we have held to the contrary. *Roberts v. People,* 11 Colo. 213, 17 Pac. 637; *Sarno v. People,* 74 Colo. 528, 223 Pac. 41; *Montez v. People,* 110 Colo. 208, 132 P. (2d) 970; *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447, 159 A.L.R. 509. The cases of *Jaynes v. People,* 44 Colo. 535, 99 Pac. 325, *Sanders v. People,* 109 Colo. 243, 125 P. (2d) 154, and similar authorities cited by defendant, are not in point.

■ It next is contended that evidence of other like transactions in which defendant was involved, is not admissible to prove plan and design, and that the court erred, not only in admitting such evidence, but also in instructing the jury that it could be considered for the

purpose of proving plan and design. That such evidence is admissible for such purpose in cases involving sexual offenses is thoroughly established in this state, and is not now open to question. *Mitchell v. People,* 24 Colo. 532, 52 Pac. 671; *Laycock v. People,* 66 Colo. 441, 184 Pac. 880; *Cargill v. People,* 73 Colo. 218, 214 Pac. 387. See, also, 20 Am. Jur., p. 296, §314.

We, therefore, conclude that the jury was properly instructed and that the above contentions on behalf of defendant are without merit. The judgment is affirmed.