No. 19,624.

FRANK EDWARD SEPULVEDA *v.*
PEOPLE OF THE STATE OF COLORADO.
(361 P. [2d] 625)

Decided May 1, 1961. Rehearing denied May 22, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. RICHARD A. ZARLENGO, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defend-
ant, appears pro se. He was charged, by information
filed in the district court of the City and County of Den-
ver, with having possession of Cannabis Sativa L. (mari-
juana). He entered a plea of not guilty and after trial
to a jury was found guilty as charged. On March 9,
1960, he was sentenced to a term of not less than five
nor more than ten years in the state penitentiary.

The record discloses that on November 29, 1958, Detectives Nilson, Borden and Orblom had occasion to enter the Tico Tico Tavern at 37th and Mariposa streets in Denver. They observed defendant standing at the front end of the bar. As he started toward the rear of the tavern Detective Nilson stopped him, searched him and found a cigarette in his pocket. This cigarette was later analyzed by Lieutenant Moomaw, a qualified expert on the subject, and found to be marijuana. The officers testified that defendant offered to inform against a man who had four or five pounds of marijuana if they would forget about the cigarette found on him. Later at the police building he stated, in effect, that he would "set up" a fellow by the name of Art for the police "to get himself off the hook."

Debris was taken from defendant's pockets. It was analyzed and found to contain fragments of the prohibited Cannabis.

Defendant testified in his own behalf. He stated that he has had "two previous convictions by the United States Government; one in 1951 for forging and uttering a $20.00 government check"; and in 1954 on a narcotics charge. He further testified that police officers search him whenever they see him; that on November 29, 1958, while he was talking with acquaintances in the Tico Tico Tavern he saw the officers enter; that he decided to go to the bathroom but was stopped by Officer Nilson who searched him. The exact statement of defendant concerning the marijuana cigarette is as follows:

" * * * So, this officer, Nilson, has in his hand a cigarette rolled in brown paper. He accused me of its being mine, which I denied right away. I told him, 'No.' I says, 'I have never seen that before. You didn't find that in my pocket. I have no knowledge of it at all. If it would have been in my pocket, I would have had some knowledge of it.' * * * "

The arguments advanced by defendant for reversal of the judgment are wholly without merit. In substance

they are: (1) That the evidence was insufficient to sustain the judgment; (2) that the argument of the district attorney concerning the traffic in narcotics was prejudicial; (3) that the jury did not give ample consideration to the case for the reason that they deliberated only ten minutes; (4) that the sentence imposed was improper; and (5) that the court erred in receiving portions of the evidence.

■ It is perfectly obvious to anyone in the least familiar with applicable legal principles that all of these contentions are untenable. The jury had before it the testimony of the arresting officers, as well as that of the defendant; the sentence imposed was within the statutory limits; and no prejudicial error appears from the record.

The judgment is affirmed.