No. 44,679

THE STATE OF KANSAS, *Appellee,* v. GERALD LEE, a/k/a GERALD EL, *Appellant.*

(440 P. 2d 562)

Opinion filed May 11, 1968.

*John J. Jurcyk, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant.

*Robert L. Serra,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Frank D. Menghini,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN C.: Appellant, Gerald Lee, also known as Gerald El, was convicted by a jury of the offenses of burglary in the second degree, larceny of a television set in connection with the burglary and of larceny of an automobile. Having a previous felony conviction, he was sentenced to double the statutory penalty for each of the offenses, and he has appealed.

Appellant first complains of an adverse pretrial ruling. After a preliminary examination in magistrate court binding him over for trial in the district court, he filed, in the latter court, his *pro se* application for writ of habeas corpus. He stated the evidence offered at preliminary examination was insufficient to hold him for trial; that he was wrongfully held because one Vernon Towner, with whom appellant was jointly charged in the commission of the three offenses, was in jail at the time the preliminary examination was held and Towner's testimony would have absolved appellant of any wrongdoing. The trial court denied appellant's application.

There is no indication appellant was improperly detained for trial for want of evidence. Other than his bare conclusion of insufficiency, he made no showing of any kind before the trial court which would

have warranted the court in acting favorably to him at that stage of the proceeding, and no prejudice is shown or could possibly have resulted from the ruling made. (See *State v. Bloomer*, 197 Kan. 668, 421 P. 2d 58, cert. den. 387 U. S. 911, 18 L. ed. 2d 631, 87 S. Ct. 1697.)

It appears Vernon Towner had been tried and convicted of the same offenses prior to the commencement of appellant's trial. In appellant's trial, at the conclusion of the state's evidence appellant, again acting *pro se,* requested that the record of Towner's trial be "brought into this trial to prove and to show to the Court, my innocence." The appellant further stated: ". . . the reason I requested the records is that I would like to show the Court, as I said, for his [Towner's] record would show that I haven't any knowledge of this particular crime."

The following colloquy then occurred:

"THE COURT: Of course, the other defendant being here, I can't see any reason for the testimony of the first trial being read to the jury, unless there is some material variance of what some previous witness had testified to. We will go into the testimony of Towner, and if I think any part of the record should be brought in, I will bring it in at that time.

"THE DEFENDANT: May I state in the record, that the record of his trial is the main facts; all the facts in his trial would be relating to my innocence of this case; every fact, and Mr. Towner's records.

"THE COURT: The way this can be brought about, if it is true, that Towner can be asked concerning certain testimony.

"THE DEFENDANT: That's right.

"THE COURT: And I will have the Reporter read it."

Appellant did in fact call Towner as his witness. Towner testified the crimes were committed by a person he knew only by the name of "St. Louis," his testimony thus absolving appellant of criminal participation.

When the matter of reading Towner's trial transcript first came up it appears that all appellant desired was to have Towner testify in his behalf. The jury's disbelief of this testimony is apparent from its guilty verdict against appellant.

In an effort to upset that verdict appellant now contends he should have been allowed to read the entire transcript of Towner's trial. He asserts the testimony of certain of the state's witnesses was different at Towner's trial from their testimony at his trial but he fails to point out in what respect. The record reveals no attempt to cross-examine appellee's witnesses as to any discrepancy in testimony and appellee states in its brief no such attempt was made.

At trial appellant made no further request of the trial court other than that already recited, he made no offer of proof as to what he expected to show, and in fact it does not even appear the trial court made any specific exclusionary ruling against appellant. Assuming the record could be construed as denying appellant the use of Towner's transcript, and further that such denial constituted error, appellant does not point out to us now how he has been prejudiced in any way because the transcript was not read and we find no basis for presuming prejudice. One seeking reversal of a judgment because of erroneous exclusion of evidence has the burden of demonstrating prejudice, as well as error, in the ruling complained of.

Appellant was apprehended by two police officers soon after the commission of the alleged burglary. He was very belligerent, yelled loudly and eventually grabbed an officer during the arresting process. One of the arresting officers, in describing a part of appellant's efforts to resist, testified as follows:

"Well, Mr. Lee, as I said, was very belligerent; we had to subdue him in order to make a proper arrest; Mr. Lee informed us he was going to have our jobs, as he was a member of the Black Muslims, and his people would not let us put him under arrest, and he demanded to leave the scene, and kept informing us that we were all going to lose our jobs."

No objection was made to this testimony at the time it was given. Later appellant moved for a mistrial upon the ground the testimony was prejudicial. This motion was denied. In closing argument to the jury, appellee's attorney made the following statement:

". . . they got out, and tried to arrest the man, and he gave them some trouble, you heard the testimony that he was not amenable to the Laws of this country, they couldn't arrest him."

No objection was made to this statement.

Appellant contends the foregoing testimony and the reference to it in argument unnecessarily inflamed the jury because appellant's unpopular religious beliefs were thereby injected in the case.

We would condemn any effort on the part of the prosecution reasonably calculated to appeal to or evoke religious or racial prejudice. However, we cannot ascribe any such attempt here. Rather, the testimony seems directed to relevant matter—appellant's efforts in a pattern of flight to escape apprehension immediately after commission of the crimes. The arrest of an accused and the attending circumstances are admissible against him where they tend logically to connect him with the perpetration of the offense. Generally, evidence that the accused resisted arrest, and of the circum-

stances of the resistance, is relevant as tending to show guilt or consciousness of guilt (see 22A C. J. S., Criminal Law, § 628). In *State v. Williams*, 196 Kan. 628, 413 P. 2d 1006, this court stated:

"The demeanor of one charged with crime, at or near the time of its commission, or of his arrest for such crime, may always be shown by evidence and presented to the jury upon the trial of the criminal action." (Syl. ¶ 3.)

Here reference to religion was brought into the case only by reason of appellant's own statement made under incriminating circumstances. The prosecution did not unjustifiably emphasize or dwell upon the religious aspect, and appellant is in no position to complain of any incidental effect.

Appellant's contention the jury's verdict was contrary to the weight of the evidence requires brief summation thereof: On November 7, 1965, at about 3:00 a. m. two Kansas City, Kansas, police officers were driving east on Minnesota avenue in downtown Kansas City. As they approached Ninth and Minnesota they saw a man (identified later as appellant) taking something from a finance company located at 851 Minnesota. The man ran from the building to a white Oldsmobile sedan, which automobile started east on Minnesota at fast speed. The police car, with siren on, followed and a chase ensued covering several city blocks. The pursuing officers never lost sight of the Oldsmobile which at Eighth and Orville streets failed to negotiate a turn and stopped in the yard of a private residence. The man behind the wheel of the wrecked automobile was Vernon Towner. There was an overhead light at the accident scene. Appellant got out of the vehicle and looked into the beam of the police car headlights about fifteen feet away, enabling the officers to see him. He ignored a call to halt and fled into the darkness.

A description of appellant and his clothing was immediately broadcast over police radio and two other police officers soon arrested him after seeing him running nearby.

The Oldsmobile automobile had been taken without permission from the owner's home earlier that night. A portable television set identified as one belonging to the finance company was found on the passenger side of the automobile. It had been left the night before in the front window of the building. The plate glass window had been broken and a concrete block was found inside the window.

We need not labor sufficiency of the evidence—every element of the crimes charged was shown and appellant was positively identi-

fied by eyewitness testimony as the culprit. The jury's verdict was amply supported by sufficient proof.

Appellant complains the jury's verdict was rendered after deliberating only forty-nine minutes. Once trial errors are disposed of and the evidence recited, further comment is hardly warranted. It is common knowledge among bench and bar that juries have reached unimpeachable verdicts within less time.

The foregoing matters comprised appellant's motion for new trial; that motion was properly overruled and the judgment and sentence are affirmed.

APPROVED BY THE COURT.