471 P.2d 712

**STATE of Arizona, Appellee,**

v.

**John DeWayne BURRELL, Appellant.**

**No. 1437-2.**

Supreme Court of Arizona,
In Banc.

July 2, 1970.

Robert R. Bean, Pinal County Atty., Florence, for appellee.

James H. Colter, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

Though this action originated as a petition for a writ of habeas corpus, it is, and will be treated as, an appeal from the petitioner's convictions.

Defendant, an inmate of the Arizona State Prison, was a member of a "work gang" of thirty prisoners assigned to clean out a ditch on the prison farm under the supervision of three armed guards mounted on horseback.

Shortly after noon on June 11, 1963 some of the prisoners staged a "break" and escaped in one of the vehicles used to transport them to the farm. The break was accomplished by the use of guns by three prisoners who disarmed the guards. As a result of this action, defendant John Burrell was tried by a jury which found him guilty of escape, and of three counts of robbery. He received sentences of fifteen to twenty years on each of the robbery counts, and three to five years for the escape. The sentences were to run consecutively and to begin at the expiration of the sentence which he was serving at the time he escaped.

The evidence was somewhat contradictory and confused. However, it is well settled that on appeal the evidence will be viewed in a light most favorable to the state, and all reasonable inferences must be resolved against the defendant. State v. Davis, 104 Ariz. 142, 449 P.2d 607. Further, where as here, there are substantial contradictions and discrepancies, we will not disturb the verdict if there is substantial evidence to support it. State v. Hughes, 104 Ariz. 535, 456 P.2d 393.

So viewed, the facts indicate that the three armed guards present were named Avenenti, Castro and Mendoza; that inmates Kaiser and Collins approached guards Avenenti and Castro with a small caliber pistol and disarmed them at gunpoint; that defendant then approached guard Mendoza with a gun and took a pistol from the latter; that some of the prisoners ordered the guards into one of the two trucks and drove off; that the truck with the guards in it had a blowout and some of the prisoners left the guards in it and departed; that defendant was in another truck with other prisoners and took a different route; and that defendant was arrested in Phoenix a couple of days later. In all seven prisoners escaped.

Defendant, on appeal, presents six points. His first contention is that the evidence is insufficient to support a verdict of guilty of robbery. There can be no doubt but that he was guilty of escape, and no argument is made to the contrary. Defendant argues that he was merely present at the scene and that mere presence is not equivalent to aiding and abetting the rob-

beries committed by Collins and Kaiser in taking the guns from the guards.

Mendoza identified defendant as the man who came to him with a small caliber gun, ordered him to dismount, and took his gun from his holster, while someone else took his rifle.

The evidence is uncontradicted that Kaiser and Collins relieved the two guards of their weapons at gun point. Then, according to Avenenti's testimony he saw defendant holding one of the horses and "Burrell was standing there with a large caliber weapon." Avenenti also testified that "When they were bringing us back to the truck * * * Burrell was standing right behind there, had us covered * * *." Guard Castro testified that he saw Burrell with a pistol in his hand. This was sufficient evidence for the jury to find defendant Burrell guilty on all three counts of robbery.

■ Defendant's second argument is that the information was defective and that the court erred in permitting the state to amend it before the trial. The information charged the crime of escape in detail and included the time and place. At the end of the description of the crime "A.R.S. § 13–391" appeared in parentheses. The correct citation should have been A.R.S. § 13–392. Defendant's motion to dismiss the escape count was denied and the amendment of the statutory citation was permitted. No surprise was claimed or continuance asked, and it is obvious that defendant's counsel knew the charge and was prepared to defend it. No prejudice could have resulted.

■ Defendant's third contention is that a state's witness testified from a piece of paper not in evidence. The witness had a list of the names and prison numbers of the members of the work gang. Its use was immaterial in the case, but defense counsel asked what it was and when it was made. When the witness explained, counsel for defendant made no objection to its use by the witness. There was no prejudice involved.

■ Defendant's fourth point is that the court erred in permitting the court reporter to be absent from the court room during the preliminary examination of the jury, and the opening and closing arguments, and for about twenty-five minutes during the testimony of some witnesses. Defendant, in his brief states that the reporter was "excused, apparently with the defendant's counsel's permission." Defendant cites Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 for the proposition that a defendant in a criminal case has an inherent right to a transcript. He also cites Rule of Criminal Procedure #363, 17 A.R.S. In State v. Crowder, 103 Ariz. 264, 440 P.2d 29, we said:

"We know of no authority holding that due process of law requires that all criminal trials be stenographically reported * * *. Where no objection is made by a defendant to proceeding to trial without a reporter, he waives his right to thereafter complain that the proceedings were not reported * * *."

We hold that the right to have the proceedings taken down and transcribed, may be, and in the instant case was, waived.

■ Defendant's fifth contention is that there is fundamental error when a jury returns a verdict within forty minutes after a two-day trial. The defendant was charged not only with the crimes of which he was convicted but also with three counts of kidnapping the guards, and the jury found sufficient time to acquit defendant of the three kidnapping counts, so it clearly considered the case with care.

The principle involved is well expressed in State v. Brown, 122 Vt. 59, 163 A.2d 845 (1960), cert. denied, 365 U.S. 822, 81 S.Ct. 706, 5 L.Ed.2d 699 in which the Supreme Court of Vermont said:

"* * * shortness of time alone taken by a jury in reaching a verdict may not be used as the basis for a new trial."

Defendant's final point is that the sentences are so excessive as to constitute cruel and unusual punishment, and are too vague to understand. He admits that this Court has repeatedly held that if the sentence is within the statutory limits the trial court's sentences will not be disturbed, but argues the sentences were excessive, nonetheless. We reaffirm our general rule, and since the sentences fall within the statutory limits, we will not disturb them.

The contention that the sentences were vague, is equally groundless. The trial court ordered that defendant be confined to the state prison for 15–20 years for the crime of robbery, Count 1; 15–20 years for the crime of robbery, Count 2; 15–20 years for the crime of robbery, Count 3; and 3–5 years for the crime of escape; "said *sentence* to begin at the expiration of present sentence, said *sentences* to run consecutively." (Emphasis supplied.) Although the singular number was used in the first reference to the time of beginning, when taken in context it is clear that it refers to the time when the first mentioned new sentence for robbery should commence, i.e., at the expiration of the sentence which defendant was serving when he escaped. The other three sentences are to start at the expiration of the first mentioned sentence, and are to run consecutively, one after the other. Defendant cites State v. Owen, 2 Ariz.App. 580, 410 P.2d 698 to uphold his position that a sentence should be clear and unequivocal and sufficient on its face. He fails to quote, from the same case, the following:

"On the other hand, a judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity."

Judgment affirmed and writ denied.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.