495 P.2d 1319
**STATE of Arizona, Appellee,**
v.
**Steven CARUTHERS, Appellant.**
No. 2297–2.

Supreme Court of Arizona,
In Banc.
April 19, 1972.

Rehearing Denied May 9, 1972.
Opinion Vacated Dec. 19, 1972.

See 503 P.2d 957.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

Steven Caruthers, in pro. per.

LOCKWOOD, Justice:

Steven Caruthers was charged with murder of Leandra Fowler in violation of A. R.S. §§ 13–451, 452 and sentenced to serve not less than fifteen nor more than twenty years in the state penitentiary. Although notice of appeal was not timely given, on September 17, 1971 we granted defendant's petition, submitted *in pro per,* to file a delayed appeal. Defendant did not request appointment of an attorney and thereafter filed several motions *in pro per.* The defendant was notified that his opening brief was due November 18, 1971. No response was made to this notice, and on December 9, 1971, the matter was ordered submitted for decision. In accordance with A.R.S. § 13–1715 we have searched the record for fundamental error.

On May 8, 1970, at 8 p. m., Pattie Hodges, a desk clerk at the Stardust Hotel in Yuma, Arizona, received a call from the room which the defendant had rented. The person calling said "[c]all an ambulance a girl has been shot in the head."

Miss Hodges called the police and informed the assistant manager, Burt Kasabusca. Kasabusca, accompanied by the manager, Chuck Karl, went to the defendant's room where the defendant was held at gun point by the two men until the police arrived. During this time defendant made a move toward Kasabusca and said "[g]o ahead and kill me, okay, go ahead and kill me." Karl forcibly restrained the defendant and when the police arrived, he was taken into custody. The dead body of Leandra Fowler was found in the bedroom. She had been shot through the head.

An examination of the record indicates that the evidence was sufficient to support the verdict of second degree murder. A. R.S. § 13–451 defines murder and malice aforethought as follows:

"A. Murder is the unlawful killing of a human being with malice aforethought. "B. Malice aforethought may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned and malignant heart."

In State v. Intogna, 101 Ariz. 275, 277, 419 P.2d 59, 61 (1966) we held that the question of malice is one for the jury, and that the use of a deadly weapon is sufficient evidence for the jury to find express malice. See also, State v. McIntyre, 106 Ariz. 439, 477 P.2d 529 (1970).

The evidence discloses that defendant was the only person in the room with the victim. There was uncontradicted testimony that the gun was owned by the defendant, and Mrs. Kasabusca, wife of Burt Kasabusca, testified that when she arrived at the defendant's motel room she heard him cry out, "[o]h my God, I killed her, I killed her."

The defendant testified in his own behalf, admitting that he owned the gun but stating that at the time it was fired he was unconscious due to the use of drugs and

did not remember firing the gun. He explained that he had laid the gun between him and his girlfriend who was sleeping. There was also the testimony of ballistics experts that when the weapon was fired the "muzzle * * * was pushed up against the tissue" of the face. We are of the opinion there was sufficient evidence to support a finding of malice. We have consistently stated that where there is a conflict in the evidence, we will not disturb the finding of the trier of fact if there is substantial evidence to support it. State v. Burrell, 106 Ariz. 100, 471 P.2d 712 (1970).

Finding no fundamental error, judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.