No. 24970

**The People of the State of Colorado v. Charles E. Elliston**
(508 P.2d 379)

Decided March 19, 1973.　　　　Rehearing denied April 23, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Forest E. Clark, Jr., for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of the offenses of unnatural carnal copulation and statutory rape. The prosecuting witness — a twelve-year-old girl at the time of trial — testified as to the acts which occurred a year and a half previously and which constituted the basis of the charges. A doctor testified that he had examined the prosecuting witness and found her condition to be consistent with a finding that she had engaged in sexual intercourse numerous times. The defendant denied the charges and introduced the testimony of several alibi witnesses. We affirm.

I.

The defendant argues that the jury deliberations were

of so short a duration that the jury could not have properly reflected on the evidence or considered the instructions. The defendant states that the jury deliberated less than forty-five minutes. This does not warrant the granting of a new trial. *Sepulveda v. People,* 146 Colo. 385, 361 P.2d 625 (1961), *cert. denied,* 368 U.S. 882, 82 S.Ct. 134, 7 L.Ed.2d 82 (1961), and *State v. Burrell,* 106 Ariz. 100, 471 P.2d 712 (1970). *See State v. Lee,* 201 Kan. 177, 440 P.2d 562 (1968).

## II.

■ The defendant contends that the trial court erred in admitting evidence relating to other incidents of a similar nature between the defendant and the prosecuting witness, which occurred prior in time to the acts with which the defendant was charged. This evidence consisted of a few brief statements by the prosecuting witness in response to questions by both the prosecutor and the defense counsel. The gist of the testimony was simply that similar incidents had occurred prior in time to the date of the specific acts in question. The court gave an oral cautionary instruction to the jury on the limited relevance of similar act testimony at the conclusion of the prosecuting witness' testimony, and a similar written instruction when the case was submitted to the jury. We find no reversible error. *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291 (1969); *Hood v. People,* 130 Colo. 531, 277 P.2d 223 (1954); and *Shier v. People,* 116 Colo. 353, 181 P.2d 366 (1947).

## III.

■ The defendant next argues that the evidence was insufficient as a matter of law to sustain the guilty verdicts. He also states that the entire testimony of the prosecuting witness should have been rejected because it was totally unsubstantiated and was so inconsistent as to be unworthy of belief.

Upon review of the entire record, we find no merit in the defendant's argument that the witness' testimony was so inconsistent as to be unworthy of belief. The testimony of the prosecuting witness, if believed by the jury, was sufficient

to establish the elements of the crimes with which the defendant was charged. *See Land v. People,* 171 Colo. 114, 465 P.2d 124 (1970). The following statement from *Godfrey, Jr. v. People, supra,* is in point:

"This court cannot invade the province of the jury by making a re-determination on conflicting evidence. *Duran v. People,* 162 Colo. 419, 427 P.2d 318, *Neighbors v. People,* 161 Colo. 587, 423 P.2d 838, *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259. The jury having apparently believed the testimony of the prosecuting witness, and disbelieved both the defendant's direct denial and the 'alibi' testimony, we, as a reviewing court, are not at liberty to usurp the jury's function."

Additionally, the testimony of the doctor lent some corroboration to the witness' testimony.

### IV.

■ The defendant urges that the trial court erred in failing to enter a judgment of acquittal on the basis of allegedly prejudicial statements made by the deputy district attorney in his closing argument to the jury. Assuming for the moment that the statements were prejudicial, the proper remedy would be the granting of a motion for mistrial rather than acquittal. Since defendant made a motion for mistrial, we will consider whether there was reversible error in denying it.

■ The granting or denial of a motion for a mistrial is within the sound discretion of the trial judge. In *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972), we recently reaffirmed the standards to be applied by trial judges when deciding whether such a motion should be granted. The trial court's determination will not be disturbed on review unless it is apparent that the court abused its discretion. *Barriner v. District Court,* 174 Colo. 447, 484 P.2d 774 (1971); *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969); and *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968). As stated in *Falgout v. People, supra,* this standard of review is founded on the principle that the trial court is in a better position than the appellate court to evaluate the effect

of any alleged irregularity upon the jury's determination.

■ The deputy district attorney made four comments during his argument to the jury to which defense counsel objected. The first comment was in regard to an offense report prepared by the police officer who responded to a call from the prosecuting witness' mother. The report was not admitted into evidence at trial. The deputy district attorney stated that the report referred to numerous offenses other than the ones on which the defendant stood accused. The defense counsel objected and the trial court sustained the objection and ordered the deputy not to refer to the offense report.

It came as no surprise to the jury that the prosecuting witness accused the defendant of several incidents similar to those with which he was charged, since she had so testified at trial. The offense report referred to by the deputy was simply that same accusation, made to a police officer. Although the remark of the deputy was not proper, we cannot hold that, under the circumstances, it was so prejudicial as to warrant the granting of a mistrial.

■ The defendant contends that the prosecutor improperly inferred that one of the defendant's witnesses had fabricated his story after hearing the opening statement of the defense counsel. The witness' testimony placed the defendant at the witness' store near the time the offenses allegedly occurred. In his argument to the jury, the deputy district attorney said that the witness sat in the courtroom when defense counsel gave his opening statement. The prosecutor further said: "I objected to all of the witnesses being in the courtroom." (Prior to the opening of the defendant's case the deputy had moved to exclude the defense witnesses from the courtroom until they were called to testify. The motion was denied by the trial court.) Defense counsel objected to the prosecutor's statements and the trial court sustained the objection.

The credibility of the defendant's witness had been strongly attacked by the deputy district attorney during cross-examination. There was sufficient basis in the testi-

mony of the witness to permit the jury to conclude that the witness' testimony was not persuasive. Under these circumstances we fail to see how the statement during argument could have been so prejudicial as to require the granting of a mistrial.

The defendant's first trial on these charges had ended in a mistrial. The defendant argues here that the deputy district attorney, in his closing argument, improperly referred to evidence and to actions of defendant's counsel at the prior trial. At one point during argument to the jury, the prosecutor stated: "Go back two years to an incident — which in the last trial he didn't see fit to —." At this point, defense counsel objected and the court sustained the objection. The jury was never informed as to the nature of the incident referred to by the deputy district attorney. Further, the jury was certainly aware, prior to the prosecutor's statement, that there had been a prior trial. The first reference to the previous trial was made by defense counsel during cross-examination of the prosecuting witness. Other references were made to that trial during the examination and cross-examination of witnesses by both the defense counsel and the deputy district attorney. We do not view the statement as constituting reversible error.

The prosecuting witness testified during trial that she had written on a piece of paper, the date on which the incidents in question occurred. Twice during his summation the defense counsel referred to the piece of paper, questioning whether it existed and, if it did exist, where it was since it had not been introduced into evidence. The deputy district attorney, during his closing argument to the jury, stated: "He [defense counsel] asked you if such note exists, where is it. And he knows. It was offered in evidence at the last trial of this case." Again, defense counsel objected and the objection was sustained by the court. The court went on to instruct the jury to ignore that portion of the deputy district attorney's argument.

The People argue, and we agree, that the prosecutor's statement was provoked by, and in retaliation to, the

statement of the defense counsel. *See Kelly v. People,* 121 Colo. 243, 215 P.2d 336 (1950). As stated previously, the jury knew that a prior trial had been held. Further, the paper or note apparently contained only a date. That date and the writing of the date on a piece of paper had previously been testified to by the prosecuting witness. The proof or lack of proof of the actual existence of the piece of paper would not appear to be vital to the case.

Upon review of the prosecutor's closing argument, we cannot rule — as urged by the defendant — that his remarks so inflamed and impassioned the jury that it could not render a fair and impartial verdict. This conclusion is buttressed by the fact that the trial judge, who heard the argument and saw its effect on the jury, did not believe that the argument warranted the granting of a mistrial.

We feel compelled to state that the conduct of the deputy district attorney is not to be condoned. This court has repeatedly stated that the duty of a prosecutor is not merely to convict, but to see that justice is done by seeking the truth of the matter. In the type of case tried here, a prosecutor must be particularly careful in his conduct ·to ensure that the jury tries the case solely on the basis of the *facts* presented to them. The prosecutor's improper statements to the jury indicate a misplaced zeal to "win" the case, a lack of self-control, and either a lack of knowledge of — or worse, an indifference to — elementary principles of fairness and legalities.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

The defendant's motion for a mistrial should have been granted. In my view, the cumulative effect of the errors complained of was to deny the defendant a fair trial. *Oaks v. People,* 150 Colo. 64, 371 P.2d 443 (1962). The defendant's trial was contaminated by the district attorney's repeated

references to evidence and exhibits offered in the first trial but which were not introduced in the second trial. The first trial ended with a hung jury and caused the court to declare a mistrial because the jury was not able to reach a verdict after extended deliberation.

Lord Hale's historic instruction on rape points out that the accusation is easy to make and hard to prove, but harder to defend against, even though the accused be ever so innocent. *People v. Nye,* 38 Cal.2d 34, 237 P.2d 1 (1951). In this particular case, the complaining witness was the daughter of Elliston's common-law wife. The Elliston's marriage was an unhappy one, and at the time the charge was made, the defendant and his wife were in the throes of a bitter divorce suit. Whether or not the divorce suit and the bitterness between the defendant and the mother of the complaining witness had anything to do with the accusation was for the jury, but the conduct of the district attorney changed the atmosphere of the courtroom from objectivity to prejudice. When repeated efforts are made to unfairly influence the jury by injecting into the trial extraneous matter which naturally tends to create prejudice, it is speculation to say that the prejudice created by such improper trial tactics may be cured by an instruction that the arguments and objections of counsel are not evidence or by an instruction to disregard the conduct. This is a case where the doubt should be resolved in favor of the defendant. In my view, his acts not only constituted unprofessional conduct, but also unfairly influenced the jury.

True it is that the trial court is in the best position to judge whether a mistrial should be declared. *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). However, in order to determine whether the conduct was sufficiently bad or whether the jury was prejudiced, the court must examine the facts in each case. *Honda v. People,* 111 Colo. 279, 141 P.2d 178 (1943). It is clear that a mistrial should be granted when the district attorney, by repeated acts, endeavors to prejudice the jury and causes inadmissible evidence to be placed before a jury. *Smith v. People,* 8 Colo. 457, 8 P. 920 (1885); *State v.*

*Farrell,* 61 N.J. 99, 293 A.2d 176 (1972); *People v. Brown,* 3 Ill.App.3d 1022, 279 N.E.2d 765 (1972). *Cf., United States v. Young,* 463 F.2d 934 (D.C. Cir. 1972).

In my view, the conduct of the district attorney was not robbed of its impact by a mere instruction that the arguments and objections of counsel were not evidence. *Loveland v. Nieters,* 79 N.D. 1, 54 N.W.2d 533 (1952). *See People v. Deal,* 357 Ill. 634, 192 N.E. 649 (1934). It is impossible to say that the remarks and the conduct complained of did not affect the outcome of the case. *Brown v. People,* 132 Colo. 561, 291 P.2d 680 (1956).

One example of the prejudicial and improper conduct in this case is the effort of the district attorney to make certain that the jury knew that the defendant had been accused of several offenses and not just the one for which he was being tried. The district attorney asked the officer who took the offense report from the complaining witness and her mother whether the report mentioned one or numerous offenses. This poisonous question was asked twice, and objections were sustained in both instances. The offense report itself was never admitted into evidence, and the questions were never answered. However, the district attorney utilized his summation to again bring the inadmissible offense report to the jury's attention. He argued and, in effect, testified that the offense report referred to numerous other offenses. He told the jury:

"He [Officer Comstock] took an offense report .... [D]id it refer to more offences? Numerous. Numerous offenses."

Since the district attorney had waived his opening summation to the jury, he delivered these remarks when defense counsel had no opportunity to answer.

Moreover, he urged each juror in his argument to consider the case and the crime as though the victim were his own daughter. He also accused the defense lawyer of misrepresentation and bad faith in not producing the note that the victim prepared after the sexual episode allegedly occurred and alluded to the fact that the note was introduced in evidence in the first trial.

He also told the jury that a defense witness who substantiated the defendant's alibi was present during the time that defense counsel made an opening statement and suggested that the witness had tailored his testimony to defense counsel's remarks. He then reminded the jury that he had sought to exclude witnesses from the courtroom, but that the court denied his request.

The *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function, The Prosecution Function,* § 5.8, provides:

"5.8 Argument to the jury.

"(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

"(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

"(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

All advocates recognize the elementary rule that the limits of argument do not extend beyond the record and inferences which can reasonably and fairly be drawn therefrom. Assertions of fact which have not been proved amount to unsworn testimony of the district attorney which is not subject to cross-examination. The *Standards for Criminal Justice* declare that it is unprofessional conduct for a district attorney intentionally to refer to or argue facts outside the record. *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function, The Prosecution Function,* § 5.9.

130

For the reasons stated, I would order that the defendant be granted a new trial.

MR. JUSTICE DAY and MR. JUSTICE LEE have authorized me to say that they join me in this dissent.