No. 27963

The People of the State of Colorado, by and through their duly appointed representative, Frank G. E. Tucker, District Attorney v. The District Court of the State of Colorado, George E. Lohr, as one of the District Court Judges of the District Court

No. 28017

Nolan L. Brown, District Attorney in and for the First Judicial District, County of Jefferson, State of Colorado v. The District Court in and for the First Judicial District, State of Colorado, and the Honorable Michael C. Villano, one of the Judges thereof

No. 28049

The People of the State of Colorado ex rel. Robert R. Gallagher, Jr., District Attorney for the Eighteenth Judicial District, State of Colorado v. The District Court, in and for the Eighteenth Judicial District, County of Arapahoe, State of Colorado, and the Honorable William B. Naugle, one of the Judges thereof

(586 P.2d 31)

Decided October 23, 1978.

Frank G. E. Tucker, District Attorney, Robert L. Russel, District Attorney, Milton K. Blakey, Chief Deputy, for petitioner, No. 27963.

Kenneth Dresner, Kevin O'Reilly, for respondent, No. 27963.

Nolan L. Brown, District Attorney, Joseph Mackey, Deputy, for petitioner, No. 28017.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Norman R. Mueller, Deputy, for respondents, No. 28017.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief Deputy, for petitioner, No. 28049.

Kenneth K. Stuart, Jane S. Hazen, for respondents, No. 28049.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■ Three different district court judges have held that the Colorado death penalty statute, section 16-11-103, C.R.S. 1973 (1976 Supp.), is unconstitutional. The prosecution, in all three cases, has sought review in these original proceedings. In each case, we issued a rule to show cause and now discharge the rule.

■ Ordinarily, an original proceeding is not available as a means for obtaining an interlocutory appeal. C.A.R. 21.1. Interlocutory appeals are only permitted in limited circumstances provided by C.A.R. 4.1. We have elected to address the issue in these cases because of the threshold question relating to the application of the death penalty in a number of pending cases in the Colorado courts.

In the three cases before us, it is conceded that the death penalty would have been an issue for the judge or jury to resolve under our bifurcated procedure. Section 16-11-103, C.R.S. 1973 (1976 Supp.). The facts of the particular cases are not material to a determination of the constitutional issues which we must resolve.

The Colorado death penalty statute represents the attempt by the General Assembly to comply with the ambiguous directives of the Supreme Court of the United States in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and its progeny, *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); *Stanislaus Roberts v. Louisiana,* 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). The confusion has been magnified by subsequent pronouncements. *Harry Roberts v. Louisiana,* 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977); *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed. 2d 982 (1977); *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct.

1197, 51 L.Ed.2d 393 (1977); and *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

The United States Supreme Court's seminal opinion in *Furman v. Georgia, supra,* created considerable confusion concerning the circumstances under which the death sentence could be constitutionally imposed. The Supreme Court, in invalidating the Georgia death penalty statute, supported their result with a short *per curiam* opinion and nine separate opinions, some of which are basically irreconcilable. No unifying rationale was provided for the guidance of legislative bodies of the different states. The elements of a constitutional death penalty statute have been touched on, without clarity of definition, in a number of later cases from that Court.

In 1976, the Supreme Court expanded on some of the views expressed in *Furman. See Gregg v. Georgia, supra; Jurek v. Texas, supra; Woodson v. North Carolina, supra; Proffitt v. Florida, supra.* Again, the Supreme Court's inability to agree on a set of principles within which to judge a particular statute made it difficult for a state legislature to enact a constitutionally valid death penalty. All that the majority of the court endorsed is that under some circumstances, and subject to a number of limitations, the death penalty may be imposed.

■ Finally, during this last term, four Justices of the United States Supreme Court have seen fit to "reconcile previously differing views in order to supply that guidance." *Lockett v. Ohio, supra,* at 2965. Chief Justice Burger, together with Justices Stewart, Powell, and Stevens, have expressed their opinion that a death penalty statute is unconstitutional if the judge or jury is:

"[P]recluded from considering as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant[s] proffer as a basis for a sentence less than death." Id. at 2965.

When the views of those four Justices are joined with those of Justice Marshall, who has declared that, in his view, any death penalty statute is .unconstitutional,[1] it is apparent that Colorado's death penalty statute cannot withstand constitutional examination in the United States Supreme Court.

■ We start from "the predicate that the death penalty qualitatively differs from any other sentence." *Lockett v. Ohio, supra,* at 2964. *Lockett v. Ohio* is the latest edict from the Supreme Court, and it has advised legislative bodies that the qualitative difference between the death penalty and other punishments requires that before the solemn act of

---

[1] *See Furman v. Georgia, supra,* at 314-74 (Marshall, J., concurring); *Lockett v. Ohio, supra,* at 2972 (Marshall, J., concurring).

condemning another human being to death may be carried out, the Eighth and Fourteenth Amendments of the United States Constitution[2] require that the judge or jury in every case must:

"[B]e allowed to consider on the basis of all relevant evidence not only why a death sentence should be imposed, but also why it should not be imposed. . . . What is essential is that the jury have before it *all possible relevant information* about the individual defendant whose fate it must determine." *Jurek v. Texas, supra,* at 271 (plurality opinion, Stevens, J.). (Emphasis added.)

The Colorado statute in issue was drafted before the *Lockett* opinion was announced. All three trial judges have properly held that section 16-11-103, C.R.S. 1973 (1976 Supp.), violates the constitutional commandment now set forth in the *Lockett* case, because it does not allow the sentencing entity — in these cases, the jury — to hear all the relevant facts relating to the character and record of the individual offender or the circumstances of the particular case. *Woodson v. North Carolina, supra,* at 304 (plurality opinion, Stewart, J.).

A statute must meet at least two requirements before it can serve as the basis for imposition of the death sentence. First, it must provide a "meaningful basis for distinguishing the . . . cases in which it is imposed from [those] in which it is not." *Furman v. Georgia, supra,* at 313 (White, J., concurring). To do so, the statute must contain "objective standards to guide, regularize and make rationally reviewable the process for imposing a death sentence." *Woodson v. North Carolina, supra,* at 303 (plurality opinion, Stewart, J.). To attain this end, the legislature may enumerate specific aggravating factors, the presence of which will serve to justify the imposition of a sentence of death, *Gregg v. Georgia, supra; Proffitt v. Florida, supra,* or the legislature's "action in narrowing the categories of murders for which a death sentence may ever be imposed serves much the same purpose." *Jurek v. Texas, supra,* at 270 (plurality opinion, Stevens, J.).[3]

The second requirement is that, as noted above, the defendant must be allowed to present any relevant information as to why the death sentence should not be be imposed upon him.

Colorado statutes provide a bifurcated proceeding for these cases in which the death penalty is sought. At the first stage of the proceedings, the substantive question of the defendant's guilt is tried. If he is convicted of a class one felony, such as first degree murder, the same jury then hears evidence concerning the proper penalty. Section 16-11-103(5), C.R.S.

---

[2] We express no opinion about the limits on punishment imposed by Article II, Section 20 of the Colorado Constitution.

[3] Section 16-11-103(6), C.R.S. 1973 (1976 Supp.) adopts the first alternative by listing several aggravating factors. We express no opinion whether this enumeration is constitutionally sufficient.

1973 (1976 Supp.) lists five mitigating factors on which the defendant may present evidence. Section 16-11-103(6) lists eight aggravating factors which the People may prove were involved in the commission of the crime. If the jury finds that none of the mitigating circumstances, and any one of the aggravating circumstances, existed at the time the crime was committed, it must impose the death sentence. Any other combination of findings results in a sentence of life imprisonment. In pertinent part, section 16-11-103 provides:

"(2)   In the sentencing hearing any information relevant to any of the aggravating or mitigating factors set forth in subsection (5) or (6) of this section may be presented by either the people or the defendant, subject to the rules governing admission of evidence at criminal trials. The people and the defendant shall be permitted to rebut any evidence received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the evidence to establish the existence of any of the factors set forth in subsection (5) or (6) of this section. . . .

. . . .

"(5)   The court shall not impose the sentence of death on the defendant if the sentencing hearing results in a verdict or finding that at the time of the offense:

"(a)   He was under the age of eighteen; or

"(b)   His capacity to appreciate wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution; or

"(c)   He was under unusual and substantial duress, although not such duress as to constitute a defense to prosectution; or

"(d)   He was a principal in the offense, which was committed by another, but this participation was relatively minor, although not so minor as to constitute a defense to prosecution; or

"(e)   He could not reasonably have foreseen that his conduct in the course of the commission of the offense for which he was convicted would cause, or would create a grave risk of causing, death to another person."

The people would have to construe section 16-11-103(2), C.R.S 1973 (1976 Supp.) so as to allow the judge or jury to hear all relevant mitigating facts about the offender and his offense, as required by *Lockett, supra.* We are unable to do so. Subsection (2), although it speaks of "any information relevant," clearly precludes the offender from proffering any information unless it is relevant to the mitigating factors "set forth in subsection (5)."

In lieu of a finding that we can read subsection (2) to meet the constitutional requirements of *Lockett,* the people would have us construe subsection (5) to allow the offender to present the necessary information in mitigation. Again, we decline. We note a number of impediments to such a construction.

First, subsection (5) only allows the jury to consider whether the enumerated factors were in existence *"at the time of the offense."* Nothing in the numerous United States Supreme Court decisions cited above supports such a limitation. *See Commonwealth v. Moody,* 382 A.2d 442, 449-50, n. 19 (Pa. 1977).

Second, factors (5)(b) through (5)(e) are all in the nature of affirmative defenses. Thus, if the offender maintains his innocence, he is precluded from offering any mitigating circumstances at all, except that he is under the age of eighteen.

Third, subsection (5) does not permit the offender to attempt to establish a number of mitigating circumstances which are among those the Supreme Court has declared the judge or jury must be allowed to consider.

"Circumstances such as the youth of the offender, the absence of any prior conviction, the influence of drugs, alcohol, or extreme emotional disturbance, and even the existence of circumstances which the offender reasonably believed provided a moral justification for his conduct are all examples of mitigating facts . . . ." *Harry Roberts v. Louisiana, supra,* at 637.

"[A]ny special facts about this defendant that mitigate against imposing capital punishment (*e.g.,* . . . the extent of his cooperation with the police, his emotional state at the time of the crime." *Gregg v. Georgia, supra,* at 197 (plurality opinion).

An offender would also be precluded by subsection (5) from proving to the judge or jury that he has rendered or could in the future render some service to his community, in light of which capital punishment should not be imposed. In short, subsection (5) prevents consideration of a host of "factors too intangible to write into a statute." *Gregg v. Georgia, supra,* at 222 (White, J., concurring); factors "which a jury might . . . consider mitigating and, as a result, might . . . be moved to impose a life sentence." *Jones v. People,* 155 Colo. 148, 150, 393 P.2d 366 (1964); *see also Richmond v. Cardwell,* 450 F.Supp. 519 (D. Ariz. 1978).

■ Defendants also urge that the death penalty may not be imposed in Colorado because those sentenced to death by a jury could not obtain constitutionally adequate appellate review. In support of that contention, they point to section 18-1-409, C.R.S. 1973, which provides:

*"Appellate review of sentence for a felony.* (1) When sentence is imposed upon any person following a conviction of any felony, other than a class 1 felony in which the penalty was decided upon by a verdict of the jury, the person convicted shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based."

In view of our decision that section 16-11-103, C.R.S. 1973 (1976 Supp.) is unconstitutional, we need not reach the question whether section 18-1-409 precludes review of a death sentence by this court.

Accordingly, the rule to show cause is discharged.