## No. 79SA22

## The People of the State of Colorado v. Ronald David Lyle

(613 P.2d 896)

Decided July 14, 1980.

---

Nolan L. Brown, District Attorney, Dan B. Fahrney, Chief Deputy, Janis E. Chapman, Deputy, for plaintiff-appellant.

Gerash & Robinson, P.C., Walter I. Gerash, Scott H. Robinson, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The People bring this appeal pursuant to section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The defendant was acquitted of the charges brought against him, and the People seek review and disapproval of numerous trial court rulings which they allege involved important questions of law. The judgment of the trial court is affirmed.

I.

■ The People first argue that the trial court erroneously granted the defendant's motion for judgment of acquittal on the charge of first-degree murder, thereby submitting the case to the jury only on the lesser offense of second-degree murder. An advisory opinion is sought on this court's interpretation of section 18-3-102(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8) (homicide "under circumstances manifesting extreme indifference to the value of human life") as it relates to the evidence presented. We decline to do so. The granting of a motion for judgment of acquittal is based upon the facts of each individual case. This court's opinion would therefore serve little purpose and would have no significant precedential value. *People v. Martinez,* 198 Colo. 577, 603 P.2d 944 (1979); *People v. Berry,* 198 Colo. 258, 598 P.2d 1044 (1979); *People v. Chmielewski,* 187 Colo. 268, 529 P.2d 1337 (1975); *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971).

## II.

■ The People next challenge the appropriateness of the admission into evidence of certain prior violent acts by the deceased, Vernon "Rip" Clark. We have recently reiterated the test for the admissibility of such evidence:

"A defendant is entitled to present evidence of a prior violent act of a victim only if (1) the defendant contends that he acted in self-defense and there is competent evidence to support the contention, (2) either the act occurred or defendant became aware of its occurrence within a reasonable time of the homicide, and (3) the defendant knew of the victim's prior violence at the time of the homicide."

*People v. Ferrell,* 200 Colo. 128, 613 P.2d 324 (1980). the purpose of this test is to establish the relevancy of such evidence. Without a nexus between the deceased's prior violent acts and the actions of the defendant, the occurrence of these prior violent acts would be of no consequence in the determination of the guilt or innocence of the defendant. *See* C.R.E. 401.

■ The People's contention is two-fold. First, it is asserted that the defendant failed to lay a proper foundation for the relevancy of such evidence prior to its actual introduction at trial. It is the People's position that there must be competent evidence to satisfy the *Ferrell* test as a condition precedent to the presentation of the prior violence evidence. We disagree. The federal courts have long recognized, and this court has recently codified, the admissibility of evidence conditioned on fact. F.R.E. 104(b) and C.R.E. 104(b) allow the trial court to admit evidence, the relevancy of which is conditioned upon the fulfillment of a condition of fact, either upon, *or subject to,* the introduction of evidence to establish that fact.

The policy behind these rules is to allow some flexibility in the order of proof in order to avoid undue delay and confusion. The efficient administration of justice is well served by this policy. The rigid rule which the People would have this court adopt would unnecessarily lead to the calling of witnesses out of order, the retention of witnesses subject to recall, and restrictions upon the strategic presentation of the evidence by the respective parties.

■ In order to comply with the requirements of C.R.E. 104(b), the defendant must, at a minimum, make an offer of proof that there will be "the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Here, defense counsel did make a proper offer of proof that the condition would be met, and the trial court was correct in relying upon defense counsel's assurance that foundation evidence would be presented as a basis for the admission of the prior violent act evidence. A court must act under the presumption that defense counsel, as an officer of the court, has made an offer of proof which will later be supported by the evidence.

This brings us to the People's second contention regarding the admissibility of the prior violence evidence. At the close of all the evidence, the district attorney moved for a mistrial based upon the failure of the defendant to introduce evidence that he knew of the prior violent acts at the time of the homicide and that he acted in self-defense.[1] If there was no evidence to satisfy the *Ferrell* test, it would have been proper for the trial court to declare a mistrial or impose any other appropriate sanction.

However, the *Ferrell* test does not have to be met by evidence introduced solely by the defendant. It may be met through direct or circumstantial evidence presented by either the prosecution or defense and need only establish a basis upon which the jury can infer that each of these three elements have been met. Here, the prosecution conceded at trial that the violent acts occurred within a reasonable time prior to the homicide. Therefore, the only remaining issues were whether the defendant acted in self-defense and whether he acted with an awareness of these prior violent acts. A review of the record reveals that there was direct evidence, through the defendant's own testimony, that he acted in self-defense. Also, there was sufficient circumstantial evidence for the jury to infer that the defendant was aware of these prior violent acts at the time of the homicide. The trial court properly denied the motion for mistrial.

### III.

The third issue raised by the People relates to the trial court's refusal to permit the testimony of two rebuttal witnesses for the prosecution. It is conceded that these witnesses were never endorsed by the People as required by Crim. P. 16, Part II(c),[2] even though the defendant fully complied with the discovery requirements of the rule. Thus, the only question left to be resolved is whether the sanction imposed by the trial court — exclusion of the witnesses — was appropriate under the facts and circumstances of this case. Since this matter is one within the sound discretion of the trial court, we do not clarify this as an appropriate question of law under section 16-12-102, which restricts appeals to those matters of great legal importance and subject to repetition.

### IV.

The fourth and final argument by the People can best be described as a challenge to a hodgepodge of various and sundry rulings by the trial court, which allegedly impeded the prosecution's ability to prove its case. This challenge is not appropriate under section 16-12-102.

---

[1] On appeal, the People have expanded upon the basis for the mistrial. However, they, like all other appellants, are bound by the grounds for the motion in the trial court.

[2] It provides in pertinent part:
Upon receipt of the information required by this subsection (c), the prosecuting attorney shall notify defense counsel of any additional witnesses which he intends to call to rebut such defense within a reasonable time before trial after their identity becomes known.

Judgment affirmed.