The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Claudio D. FERNANDEZ,
Defendant-Appellant.

No. 81CA1227.

Colorado Court of Appeals,
Div. I.

April 19, 1984.

Rehearing Denied May 17, 1984.

Certiorari Denied Sept. 4, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, James England, Deputy State Public Defender, Shelley Gilman, Asst. State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Claudio Fernandez, defendant, appeals his conviction of first degree murder. Defendant contends that the cumulative effect of irregularities in the trial court deprived him of a fair trial. We agree and therefore reverse and remand for a new trial.

Defendant was charged with first degree murder in the death of Elisa Sanchez, a resident of Craig, Colorado. Her body was discovered on August 14, 1977, approximately 15 miles outside of Craig. Death was determined to have resulted approxi-

mately two weeks earlier. Death was caused by two gunshot wounds in the head.

Defendant had herded sheep through the area where Sanchez' body was found, although that had been some three months before the killing. There was no evidence that Fernandez had been in Craig at the time of Sanchez' disappearance, or at any time between May and November 1977. There was no evidence that Fernandez had been seen with Sanchez. The People were directed to defendant because it was reported that he carried a newspaper clipping of the killing.

I

Defendant contends the trial court erred in admitting evidence of a death threat made to one of the People's witnesses prior to trial. According to testimony presented by the People, defendant, while incarcerated in New Mexico, confessed the murder of a woman in Colorado to two fellow inmates. The threat was made to one of these two inmates. Defendant contends that the trial court erred in admitting into evidence testimony concerning the death threat on the alternative grounds that such evidence is never admissible because of its inherently prejudicial nature, or that the trial court failed to make a determination of relevancy pursuant to CRE 401, 403, and 404(b), prior to allowing the testimony.

The People called two of defendant's fellow inmates in New Mexico to tell their stories concerning the death threat. The witness to whom the threat was made had either testified or was about to testify against defendant on an unrelated crime. Defendant objected to the relevance of the proffered death threat testimony. The scope of the objection, which was conducted at the bench, was not recorded. The trial court, without comment, permitted the evidence to be admitted.

On appeal, defendant contends that there is a serious question as to whether the threat relates to the charge on which he is here convicted. He argues that, in fact, it appears that the threat may have been prompted by the witness' testimony against defendant on the unrelated crime.

Although threatening a witness is in itself a separate and distinct criminal act and, thus, evidence concerning such acts is generally not admissible, upon a determination of relevance to the crime charged, death threat evidence is admissible to show a defendant's consciousness of guilt. *Jordan v. People*, 151 Colo. 133, 376 P.2d 699 (1962). Because of the inherently prejudicial nature of such evidence, if requested, the trial court must instruct the jury regarding the limited purpose for which the evidence may be considered. *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959). *See Jordan v. People, supra.*

In *United States v. Weir*, 575 F.2d 668 (8th Cir.1978) the court held that the admission of death threat evidence without a cautionary instruction constituted reversible error because of the danger of unfair prejudice. *See also United States v. Check*, 582 F.2d 668 (2d Cir.1978). Conversely, relevant death threat evidence has been found to be admissible when accompanied by a contemporaneous cautionary instruction. *United States v. Gonsalves*, 668 F.2d 73 (1st Cir.1982), *cert. denied*, 456 U.S. 909, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982).

It is a question of fact for the jury to determine whether a defendant's words or conduct evidences a consciousness of guilt. *Jordan v. People, supra.* However, it is a question of law for the trial court to determine first whether the proffered evidence would support an inference of a defendant's consciousness of guilt to the crime charged. *See People v. Hannon*, 19 Cal.3d 588, 138 Cal.Rptr. 885, 564 P.2d 1203 (1977). The trial court, therefore, upon appropriate objection, must consider whether the proffered evidence is relevant to the crime charged, and if so, whether its probative value is outweighed by the danger of unfair prejudice. CRE 401 and 403. *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *United States v. Dwyer*, 539 F.2d 924 (2nd Cir.1976); *J. Weinstein & M. Ber-*

*ger, Weinstein's Evidence* ¶ 401[01] at 401–12 (1983).

 Evidence is relevant if it has any tendency to make the existence of a fact in issue more probable or less probable than it would be without the evidence. CRE 401. *See People v. Botham*, 629 P.2d 589 (Colo. 1981). Evidence which is not relevant, is not admissible. CRE 402. The determination of whether evidence is relevant is within the sound discretion of the trial court, and that determination will not be reversed unless it is shown that there has been an abuse of discretion. *People v. Lowe*, 660 P.2d 1261 (Colo.1983).

In *Lowe*, our supreme court in a discussion of the federal rule of evidence, emphasized that the promulgators of the rule had adopted the liberal view of relevancy citing 1 *Weinstein's Evidence, supra*, at 401–10. However, as this treatise further notes:

"Despite the fact that the trial judge's rulings are in large measure insulated from full appellate review, he is not justified in being silent on how he arrived at his decision. He should identify and articulate the circumstances and factors crucial to his rulings so that the appellate court can discern whether or not an arbitrary exercise of power adversely effected rights of the party. Discretion does not mean immunity from accountability." 1 *Weinstein's Evidence, supra*, at 401–12.

Additionally, it states:

"Where relevancy is not immediately apparent, the judge and counsel should clearly identify the terms of the relevancy relationship in the particular case. That is, they should describe the item of evidence being proffered the consequential fact to which it is directed, and the hypothesis required to infer the consequential fact from the evidence. Without this analysis it is impossible to decide how the evidence may alter the probability of the existence of the consequential fact." 1 *Weinstein's Evidence, supra*, ¶ 401[08] at 401–44.

 Although defense counsel failed to preserve properly his objection, where,

as here, neither the People in proffering this evidence nor the trial court in admitting it have assisted us in determining the relevancy of the proffered evidence to the charges, we must view it as it is presented to us. We conclude that because this evidence, without more, fails to make the consequential fact for which it is offered, the kidnapping of the victim in this case, more probable than not, its admission was error. 1 *Weinstein's Evidence, supra*, ¶ 401[07]. On retrial, if faced with the same problem, the trial court should conduct an *in camera* hearing on the record, disposing of the questions of relevancy and unfair prejudice. CRE 401 and CRE 403.

 We do not address whether the trial court's failure to give a contemporaneous cautionary instruction or a written cautionary instruction constitutes plain error. However, we note that the better practice would be to give such instructions whether or not requested. *See People v. White*, 680 P.2d 1318 (Colo.App.1984).

## II

The defendant also contends that his right to a fair trial was prejudiced by the manner in which the People were permitted to explain away the unavailability of a witness. During cross-examination of one of the People's witnesses, defense counsel unwittingly raised the matter that a material factor in the People's case was not supported in the evidence. Defense counsel had forgotten that a witness, listed in discovery as being able to testify to the matter, had died of cancer.

On redirect examination, the People established that the witness was unavailable for trial "[b]ecause that witness is dead." Defendant requested that the cause of death be made known to the jury. He argues that this statement, which followed the previously admitted evidence of death threats, left the jury with the impression that the witness may have been killed by him. The request was denied.

The People had a right to explain the unavailability of a witness to the jury. However, it should have been done in a way that would not permit the impression that the defendant was responsible. *Eanes v. State,* 546 S.W.2d 312 (Tex.Crim. App.1977). If this issue should arise on retrial, the trial court should ensure that the jury understands that the witness is unavailable because he died of natural causes.

### III

Defendant further contends that he was denied his right to fair trial because the People's closing argument went beyond the scope of the record, *see* I *ABA, Standards for Criminal Justice, Standard* 5.8(a) and (b) and 5.9, (2d ed. 1982) and was calculated to arouse the passions and prejudices of the jury. Defendant contends that although a contemporaneous objection was not made to the People's closing argument, and a contention of error was not raised in the motion for new trial, appellate review is not precluded as the misconduct was of a flagrant nature constituting plain error.

In closing argument, the People commented on the effect of the victim's death on her family and the community. Such commentary in closing argument is improper. *See People v. Ferrell,* 200 Colo. 128, 613 P.2d 324 (1980).

### IV

A defendant, although not entitled to a perfect trial, has a constitutional right to receive a fair trial. Under the facts of this case, we conclude that the cumulative effect of error during the trial did substantially prejudice defendant's right to a fair trial. *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980); *People v. Botham, supra.*

Defendant's other contentions of error are without merit.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and SMITH, JJ., concur.