The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Darrell Dean MADSEN,
Defendant-Appellant.

No. 85CA1776.

Colorado Court of Appeals,
Div. II.

June 11, 1987.

As Modified on Denial of Rehearings
July 9, 1987.

Certiorari Denied (Madsen)
Sept. 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Michael A. Cox, Arvada, for defendant-appellant.

TURSI, Judge.

The defendant, Darrell Dean Madsen, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree murder, two counts of second degree kidnapping, conspiracy to commit first degree murder, and four counts of habitual criminal. He asserts the trial court erred 1) by denying preclusion of palm print evidence as a discovery sanction against the prosecutor and 2) by rejecting his collateral

attack on the guilty pleas underlying the four prior felony convictions which supported the habitual criminal conviction. We affirm.

The defendant, his co-conspirators, and the victims were participants in a drug ring. The murder victim formulated a plan to take over the operation, but the defendant and co-conspirators learned of the plan, and killed him. The murder victim's girl friend witnessed the murder and was kidnapped and held by the defendant and co-conspirators until she escaped and reported what happened to the police. The defendant was tried to a jury and presented no defense. He was convicted of all charges.

## I

The defendant asserts the trial court erred by denying preclusion of certain palm print evidence as a discovery sanction against the prosecution. We disagree.

One week before trial, the prosecution realized the defendant's palm prints had not been compared with the latent palm print the police had obtained from the murder scene. At that time the defendant was in the custody of the Department of Corrections. At the prosecutor's request, Department of Corrections officials inked a fresh set of defendant's palm prints. The prints were inked without application to the court or notice to defense counsel. Three days before trial, a comparison test of the prints showed they matched. The prosecution notified defense counsel of the test and results that same day.

On the scheduled day of trial, the defendant moved to preclude the palm print evidence and comparison results as a sanction against the prosecution for failing to comply timely with his discovery request. The trial court denied preclusion of the evidence. Instead, it granted a continuance of one month to allow the defendant time to test the palm print independently. This new trial date was within the speedy-trial period.

Subsequently, the trial court held a separate hearing to determine whether the prosecution had improperly taken the defendant's palm prints. Crim. P. 16(II)(a)

states that once judicial proceedings against the defendant have been initiated, the *court* may require the accused to give nontestimonial identification. At the hearing, the prosecution conceded it must comply with Crim. P. 16(II)(a) and requested the court to order the defendant to provide another set of palm prints. The trial court granted the request, and the defendant provided a second set of palm prints that day.

One week before the new trial date, the defendant requested another continuance because his fingerprint expert was out of the state and unavailable to review the prints before trial. The trial court granted the continuance, which necessitated the defendant waive his right to speedy trial.

■ Initially, the defendant asserts that the palm print evidence should have been ruled inadmissible as a sanction against the prosecution for failing to comply timely with discovery since it later prejudiced the defendant by forcing him to request a continuance and waive his right to speedy trial. We disagree.

The imposition of sanctions for failure to comply with criminal discovery is within the sound discretion of the trial court. Crim. P. 16(III)(g); *People v. Lyle*, 200 Colo. 236, 613 P.2d 896 (1980).

The grant of the first continuance provided the defendant time to obtain an independent evaluation of the evidence within the speedy-trial deadline and, therefore, cured any prejudice to the defendant resulting from the late disclosure of the palm print comparison. The delay which resulted when defendant requested a second continuance because of the unavailability of his fingerprint expert is delay attributable to the defendant. *See* § 18–1–405, C.R.S. (1986 Repl.Vol. 8B). It does not make the trial court's grant of the first continuance an abuse of discretion.

■ The defendant also contends the trial court erred by denying preclusion of the palm print evidence for the prosecution's failure to obtain a court order before the first set of palm prints were taken from the defendant. He maintains that once Crim. P. 16(II)(a)(1) was violated by the

prosecution, it should not have been allowed to obtain a second set of palm prints to use as evidence at trial.

The first set of palm prints was not admitted as evidence at trial. Essentially, the defendant is arguing the second set of prints was tainted by the prosecution's action in obtaining the first set of prints in violation of the rule and, thus, the trial court was required to suppress the second set of prints. *See People v. District Court*, 664 P.2d 247 (Colo.1983). However, since the the need for a set of prints was not a result of information derived from the first set of prints, the second set of prints was not tainted by the initial rule violation. *See People v. Barndt*, 199 Colo. 51, 604 P.2d 1173 (1980). Under the circumstances here, the trial court did not abuse its discretion by admitting that set of prints. *Compare People v. District Court, supra.*

## II

The defendant also asserts the trial court committed reversible error by rejecting his collateral attack on the constitutionality of the guilty pleas underlying the four felony convictions which support his habitual criminal conviction. The defendant maintains that he was not adequately advised at the providency hearings on each plea pursuant to Crim. P. 11; therefore, he asserts the previous convictions cannot be used to support the habitual criminal conviction. We disagree.

A defendant seeking to set aside a prior conviction obtained as the result of the entry of a guilty plea must initially make a prima facie showing that the guilty plea is constitutionally infirm. *People v. Wade*, 708 P.2d 1366 (Colo.1985).

To challenge the constitutionality of the pleas, the defendant submitted only the transcripts of the four plea hearings. We have reviewed those transcripts and agree with the trial court that the defendant failed to establish a prima facie showing that the pleas were constitutionally infirm. The record shows that Crim. P. 11 was complied with at each hearing and that the

defendant understood and voluntarily waived his rights when he entered his guilty pleas. Compliance with Crim. P. 11 normally satisfies constitutional due process safeguards. *People v. Wade, supra.*

Judgment affirmed.

SMITH and KELLY, JJ., concur.